IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK ALAN LANE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-CV-201-SMY |
| | ) |
| WARDEN D. SPROUL, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Mark Alan Lane, currently incarcerated at the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the computation of his sentence (Doc. 1). Specifically, Lane argues that the Bureau of Prisons ("BOP") failed to credit him for (1) pre-sentencing jail time, and (2) for the appropriate amount of GCT after the amendment of the First Step Act in 2018 (Doc. 1, pp. 7-8). Following briefing by both parties, this matter is now ripe for resolution (Docs. 1, 18, 19). For the following reasons, Lane's Petition will be **DISMISSED.**

**Factual Background**

On January 25, 2001, Lane was arrested and jailed locally in the custody of the U.S. Marshal's Service ("USMS") while awaiting trial (Doc. 18-2). On February 27, 2002, after pleading guilty, Lane was sentenced in the Southern District of Indiana to 360 months imprisonment on one count of Conspiracy to Possess with Intent to Distribute Methamphetamine and to Distribute Methamphetamine and 240 months imprisonment on one count of Conspiracy to Launder Money Instruments, to be served concurrently (Doc. 18-3, pp. 1-2). He was transferred

from USMS custody to the Federal Correctional Institution in Terre Haute, Indiana on March 29, 2002, and has been incarcerated in various federal prisons ever since (Doc. 18-1, ¶¶ 2, 8).

## Discussion

The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson,* 503 U.S. 329, 335 (1992). A federal prisoner may challenge the execution of his sentence in a petition filed under 28 U.S.C. § 2241 in the district of incarceration. *Taylor v. Lariva,* 638 F. App'x 539, 541 (7th Cir. 2016).

Here, Lane argues that he was not credited for the time he spent in jail in the custody of the USMS. Lane was arrested on January 25, 2002 and was jailed at total of 398 days before the imposition of his criminal judgment. His argument that his sentence commencement date should coincide with his arrival at a BOP facility, giving him over 400 days of prior jail credit, is inconsistent with the plain language of 18 U.S.C. § 3585. That statute provides, in relevant part, that, "Sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Relatedly, under 18 U.S.C. § 3585(b), "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Thus, Lane is only entitled to 398 days of prior custody credit for his incarceration prior to the imposition of his sentence – BOP properly applied credit for those days to his sentence (Doc. 18-1, ¶ 7).

Lane also contends that he was not credited with the correct amount of GCT. The First Step Act amended 18 U.S.C. § 3624(b)(1) to give federal inmates more potential credit for good conduct. *See* Public Law 115-391, 132 Stat. 5210, § 102(b). Prior to the First Step Act, qualifying

inmates earned up to 47 days of GCT for each year actually served. *Bennett v. Kallis,* No. 19-cv-1222-SLD, 2019 WL 3241156 (C.D. Ill. July 18, 2019). Following the amendments to the Act, inmates became eligible to earn up to 54 days of GCT for each year of sentence imposed by the court. *Id.* This change was made retroactive as it applied to any prisoner serving a term of imprisonment of more than 1 year but less than life. See, 18 U.S.C. § 3624(b)(1).

Respondent acknowledges that Lane was entitled to relief with respect to GCT under the First Step Act: "BOP updated Petitioner's sentence computation to reflect Petitioner will receive 54 days of GCT for each of the 30 years on his sentence of imprisonment" (Doc. 18, p. 6). Accordingly, Lane was eligible, but not automatically entitled to, computation to reflect 54 days of GCT for each of the 30 years of his imprisonment, for a total of 1,620 days (54 times 30). Respondent has submitted documentation that during Lane's incarceration, he lost a total of 271 days in GCT disallowances for the years of 2007-2010 and 2012-2015, with an additional 90 days of total forfeitures from incidents in 2009 and 2015 (Docs. 18-5, 18-6). Based on these losses, BOP properly concludes that, "Petitioner has earned a total of 773 days GCT and is projected to earn 1259 days" (Doc. 18-1, ¶ 11; Doc. 18-4).

Lane does not appear to dispute the 271 days of disallowances but argues that the 90 days of forfeiture were improper because they resulted in a loss of more than 54 days in the years of 2009 and 2015 and that such GCT had previously vested and therefore could not be taken away. His argument is unsupported by the applicable law.

As a prisoner sentenced after the enactment of the Prison Litigation Reform Act, Lane must demonstrate "exemplary compliance" with Bureau disciplinary rules to receive GCT, and his GCT only vests on the date the Bureau releases him from custody. See also, § 3624(b)(2) (noting that "credit awarded under this subsection . . . shall vest on the date the prisoner is released from

custody"). Accordingly, a prisoner's GCT "may be revoked at any time before the date of [his] release." *Pepper v. United States,* 562 U.S. 476, 501 n.14 (2011). This is codified by the BOP's Program Statement 5880.28, which recognizes that, "All earned GCT for the year, or years, preceding the current or final partial year, is available for forfeiture throughout service of the sentence." Under the Inmate Discipline Program, the sanctions available for 200-level violations such as Lane's 2009 and 2015 violations are forfeiting non-vested GCT up to 50% or up to 60 days. The BOP forfeited 30 days of GCT in 2009 for Lane's violation of Prohibited Act Code 203 (Threatening Bodily Harm) and an additional 60 days of GCT for a 2015 violation of Prohibited Act Code 204 (Extorting/Blackmailing/Protecting) (Doc. 18-1, ¶¶ 12-13; Doc. 18-5). Both forfeitures were within the allotted limits of the Inmate Discipline Program and consistent with the law. Therefore, Lane's GCT was properly calculated, and he is not entitled to habeas relief on that basis.

## Disposition

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**.

If Lane wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Lane does choose to appeal and is

allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  October 19, 2022**

**STACI M. YANDLE**
**United States District Judge**