IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK ALAN LANE, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 21-CV-201-SMY |
| WARDEN D. SPROUL, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On February 15, 2023, the Court denied Petitioner Mark Alan Lane's Motion for Extension of Time to File Appeal (Doc. 27), as the time limit for doing so had expired under the Federal Rules of Appellate Procedure. Lane claims that he placed a Rule 59(e) motion in institutional hands on October 24, 2022, and a Notice of Appeal on October 27, 2022 (Doc. 30). He also moves for reconsideration under Rule 60, asserting that the appeal period should be extended because "[t]he warden; captain-Moorhead; and Special Investigation Service, was aware, that my mail was not being processed, and mailed, out of the Institution" (Doc. 31).

"Rule 60(b) permits the court in the exercise of discretion to relieve a party from an order on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or 'any other reason justifying relief'" *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000). Relief under the Rule is reserved for "exceptional circumstances." *Id.* Although Lane maintains that he mailed various documents for filing, no timely Notice of Appeal or motion to extend the time to file an appeal appear on the docket.

The timely filing of a notice of appeal is jurisdictional and cannot be waived by the Court. See, *Bowles v. Russell*, 551 U.S. 205, 213-214 (2007); *See also*, *Bell v. McAdory*, 820 F.3d 880,

883 (7th Cir. 2016) ("there can be no equitable exceptions to the time for appeal"). Therefore, the Court's denial of Lane's motion for extension was proper. Petitioner's Motions for Reconsideration (Docs. 30, 31) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  April 25, 2023**

**STACI M. YANDLE**
**United States District Judge**